Helm, J.
In 1881 the Legislature of Colorado enacted:
“ That no tract or parcel of improved or occupied land in this State shall, without the written consent of the owner thereof, be subjected to the burden of two or more irrigating ditches constructed for the purpose of conveying water through said *406 property, to lands adjoining or beyond the same, when the same object can feasibly and practicably be attained by uniting and conveying all the water necessary to be conveyed through such property in one ditch.”
Also: “No person or persons having constructed a private ditch for the purposes and in the manner hereinbefore provided, shall prohibit or prevent any other person or persons from enlarging or using any ditch by him or them constructed, in common with him or them, upon payment to him or them of a reasonable proportion of the cost of construction of said ditch.” General Statutes, Secs. 1716, 1718.
Plaintiffs in the Court below attempted to bring this suit under the latter section. Their object was to coerce consent of defendants, by decree of the Court, to their use and enlargement of a ditch theretofore constructed by defendants for their own private benefit. Plaintiffs were entitled to the right • of way over defendants’ lands for a ditch, upon payment of just compensation therefor, by virtue of both constitutional and statutory enactment. (Sec. 7, Art. XVI, Const.; General Laws, Secs. 1373, 1374 and 1058.) But the lands of defendants were cultivated, and plaintiffs were prohibited by Sec. 1716, above mentioned, from taking a second ditch across the same to irrigate their premises beyond, if they could feasibly convey the necessary water through that of defendants.
We think it was competent for the Legislature to adopt said Sec. 1716 aforesaid; it does not conflict with the constitutional provisions granting a right of way for the construction of ditches; but, while recognizing the privilege, it simply undertakes to regulate the exercise thereof, so as to inflict the least possible inconvenience and injury upon the owner of the servient estate. Section 1718 is in most respects a complement of 1716. In providing that the owner of an existing ditch, upon or across his own land or the land of another, shall not prohibit or prevent a third person from using and enlarging the same, the legislative intention evidently was to render more effective the equitable design expressed by the former section. But, in so far as the latter undertakes to limit or direct the compensation to be paid for the property, it is clearly unconstitutional and void. For there are other elements of “taking or damage” which cannot be ignored in determining the “just compensation” required bv our constitution. It will almost *407 always happen that the proprietor of the ditch will also be owner of a part, at least, of the land upon which the same is constructed; and the Legislature cannot say that he may not be paid something for the right of way, and for the damage to his land occasioned by enlarging the ditch, as well as for other injuries which a jury or board of commissioners might discover.
Property is defined as being “the right to possess, use, enjoy and dispose of a thing.” The “thing” mentioned does not always have a tangible or physical existence; it may be an easement, or anything else that can become the subject of private ownership. The proprietor of an irrigating ditch, whether upon his own premises or those of another, has a property ownership, both in the ditch and the right of way therefor. And using, or enlarging such ditch, without the owner’s consent, is as much a taking or damaging of private property, within the meaning of the constitution, as would be appropriating the right of way therefor, in the first instance. But such taking or damaging cannot be tolerated except upon payment, in a constitutional manner, of just compensation. See Mills on Eminent Domain, Sec. 31, and cases cited.
When, however, part only of a statute is unconstitutional, it does not necessarily follow that the whole statute must fall; and the same is equally true as to portions of the same section where the act is divided into sections. (See Commonwealth v. Hitchings, 5 Gray, 485.) Whether the valid portions shall be enforced, depends upon the design of the entire law and their connection with void provisions. “It would be inconsistent with all just principles of constitutional law to adjudge these enactments void because they are associated in the same act but not connected with or dependent upon others which are unconstitutional.” Cooley’s Constitutional Limitations, 176, (3d ed.,) and cases cited.
We have already discussed the legislative purposes in adopting the statute under consideration, and have expressed our satisfaction with the wisdom thereof, and also with the validity of the law except in the particular above mentioned. A careful examination of the entire act convinced us that if the objectional phrases were stricken out, a good law would remain, and the purpose of the Legislature would still be accomplished. *408 We feel warranted in entertaining the belief that it was not the legislative design to have the enforcement of the whole act contingent upon the validity of the provision therein on the subject of compensation.
Hudson & Slaymaker, for appellants.
Eugene Engley, for appellees.
This act must be considered in connection with other statutes as well as the constitutional provisions upon the same subject. And when so construed, omitting the objectionable part, no trouble will be experienced in giving it full force and effect. The right to enlarge and use the ditch of another already constructed will be enforced in the same manner and under the same law, as the right to take, or damage any other kind of private property.
By the terms of the Constitution (Art. 2, Sec. 15), the compensation for taking or damaging private property, against the owner’s consent, must be ascertained by a jury or board of commissioners; this requirement is imperative and the Legislature is powerless to dispense with it. Our act on the subject of Eminent Domain, General Laws, Sec. 1058, et seq., prescribes a complete system of proceedure for the taking or damaging of private property, and determining the compensation therefor when the same is authorized by law. It complies with the constitution in providing for a board of commissioners or jury, but is a special proceeding, and differs in many respects from our ordinary civil action.
This suit was brought in the Court below as a civil action under the Code, which was improper, as was likewise the trial thereof, without the aid of a jury or board of commissioners. Defendants’ demurrer to the complaint should have been sustained.
The judgment must be reversed, and the cause remanded, with directions to the District Court to enter a judgment dismissing the same. Reversed and remanded.