## SAND CREEK LATERAL IRRIGATION COMPANY v. DAVIS.

1. WHEN IRRIGATING DITCHES MAY BE USED IN COMMON.—By the act of 1881, improved or occupied lands cannot, under certain circumstances, be subjected to the burden of two or more irrigating ditches when the same object can feasibly and practicably be attained by one ditch; a private ditch may be enlarged and used in

common by different parties; and the mere fact that an irrigating ditch is owned by an incorporated company does not entitle the ditch to exemption from the operation of the statute.

2. QUESTION OF NECESSITY OR FEASIBILITY, HOW DETERMINED.—In proceedings under the act of eminent domain the question of the necessity or feasibility of the taking must be tried, if at all, by a board of commissioners appointed by the court.

Where the owner of the property sought to be taken goes to trial before a jury on the question of compensation and damages without indicating that he desires the question of necessity to be tried, he may be held to have waived the trial and determination of the latter question.

3. RIGHT OF WAY; HOW ACQUIRED BY CONDEMNATION.—The right of way for the conveyance of water through an irrigating ditch is a property right and has a money value; and where an interest in such right of way is sought to be taken by condemnation proceedings, the value of such interest must be ascertained and specified in the verdict as the statute provides without qualification.

Upon a proper verdict the court may authorize the petitioner to occupy, enlarge, improve and use the ditch in common with the original owner, but cannot require such owner to perform work or make expenditures for the purpose of adapting the ditch to petitioner's use.

The court may make reasonable and suitable orders specifying convenient time and opportunity for taking possession and enlarging the ditch, provided such orders do not conflict with the substantial rights of the parties.

*Appeal from County Court of Weld County.*

THIS was a condemnation proceeding under the act of eminent domain.   Mills' Ann. Statutes, chap. 45.

The petitioner Davis claimed, and sought to procure, from the defendant, the Sand Creek Lateral Irrigation Company, a right of way through its ditch for the conveyance of water to irrigate his lands.   He based such claim upon an act of the general assembly, approved Feb. 12, 1881, Session Laws, p. 164; Mills' Stats., sec. 2261, *et seq.*   The act is as follows:

"Sec. 1. That no tract or parcel of improved or occupied land in this state, shall, without the written consent of the owner thereof, be subjected to the burden of two or more irrigating ditches constructed for the purpose of conveying water through said property, to lands adjoining or beyond

the same, when the same object can feasibly and practicably be attained by uniting and conveying all the water necessary to be conveyed through such property in one ditch.

"Sec. 2. Whenever any person or persons find it necessary to convey water for the purpose of irrigation, through the improved or occupied lands of another, he or they shall select for the line of such ditch through such property the shortest and most direct route practicable, upon which said ditch can be constructed with uniform or nearly uniform grade, and discharge the water at a point where it can be conveyed to and used upon the land or lands of the person or persons constructing such ditch.

"Sec. 3. No person or persons having constructed a private ditch for the purposes and in the manner hereinbefore provided, shall prohibit or prevent any other person or persons from enlarging or using any ditch by him or them constructed, in common with him or them, upon payment to him or them of a reasonable proportion of the cost of construction of said ditch."

The adjudication in the county court was favorable to the petitioner.    The defendant company brings this appeal.

Messrs. GARRIGUES & LOOK, for appellant.

Mr. J. W. McCREERY and Mr. A. C. PATTON, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The petitioner Davis sets forth in his petition, among other things, that he is the owner of certain agricultural lands, and that for a number of years past he has run the water for the irrigation of said lands from the source of supply through and over a long and difficult route, over dykes and indirect courses, causing great and unnecessary labor and expense, besides causing failure of his regular and proper supply of water and of his use and enjoyment of the same.

He further avers that a feasible and practicable route for the conveyance of water to a portion of his said lands lies in and along the route of, and within the ditch or ditches owned by, the defendant, The Sand Creek Lateral Irrigation Company.

The petition describes the lands to be irrigated, states the amount of water petitioner is entitled to convey and use for that purpose, and sets forth in detail the line and course of the route which he deems most feasible and practicable for conveying the water into and through defendant's ditch to his said lands; avers that he cannot agree with the defendant company as to the terms of running said water through its ditch, and so prays for the condemnation of a right of way for such purpose according to the statute in such case made and provided.

1. It was objected below by demurrer to the petition and otherwise, that the ditch of the defendant company is not subject to the easement or use sought by petitioner. The same objection is renewed in this court by various assignments of error. The ground of objection is that defendant's ditch is not a private ditch within the meaning of the act of 1881, Sessions Laws, p. 164, upon which this proceeding is founded. No authority is cited in support of this objection. The case of *Burnham v. Freeman*, 11 Colo. 601, is not in point.

It is true, the defendant is an incorporated company, and the irrigating ditch through which the right of way is sought to be condemned is the property of said corporation; but for aught that appears the ditch is, nevertheless, used for private instead of public purposes. The whole act of 1881 must be considered in determining the meaning of the term " private ditch," as used in section 3.

On the face of the petition it appears that defendant's ditch was constructed and operated through improved or occupied land for the purpose of conveying water to lands adjoining or beyond the same; and that petitioner's lands lie beyond. The petitioner futher shows that it is feasible and practicable to convey through said ditch the water necessary for the irrigation of petitioner's lands; and that it is necessary to procure the right of way through said ditch for such purpose. Hence, unless some matter of defense is shown to exist, the defendant's ditch must be held subject to the easement or

right of way claimed by petitioner. The mere fact that parties constructing an irrigating ditch have become incorporated does not entitle the ditch to exemption from the operation of the statute. The court did not err in overruling the objections to the petition. *Tripp v. Overocker*, 7 Colo. 72; *Downing v. More*, 12 Colo. 321.

2. The defendant answered; and, among other things, denied that the route through which for a number of years petitioner had run the water for the irrigation of his lands was long, difficult, or unusually expensive, but alleged that it was ample, sufficient, and in every way practicable, convenient, economical and feasible when kept in good repair, and that it was out of repair because of petitioner's negligence and for no other reason. Numerous matters were alleged in the answer controverting petitioner's claim to a right of way through defendant's ditch. Replication being filed, the defendant demanded a jury, which was allowed, and a trial by jury was entered upon.

It is concluded that the bill of exceptions does not contain, and that it was not intended to contain, all the evidence. It appears, however, that when the evidence had all been introduced, the court, among other things, charged the jury in substance that the only question submitted for their determination was the amount to be paid by petitioner as compensation and damages to the defendant company for the right of way through its ditch for the conveyance of water for petitioner as prayed for.

The court instructed the jury to return a verdict describing the property, specifying its value, also the damages, and benefits conformably to the statute (sec. 1732, Mills' Stats.), but expressly withheld from them the determination of any other question. To the giving of such charge counsel excepted, and, upon the retirement of the jury, requested the court to " appoint a board of commissioners of not less than three freeholders to ascertain and determine the necessity of taking the lands and franchises and property mentioned and prayed for in the petition of the petitioner in this cause pur-

suant to the statute in such case made and provided." This request was denied. The cause was submitted upon the charge as given; and the jury returned a verdict the terms of which will be noticed hereafter. The motion of defendant for a new trial was overruled, and the court gave judgment, rule and decree in favor of petitioner. This action of the court is assigned for error.

Counsel for appellant insist that it was error for the court to proceed to final judgment and decree without a trial and determination of the material issue between the parties respecting the necessity of taking the defendant company's ditch for the use of petitioner as a right of way. Strictly speaking, there was no issue as to the *necessity* of the taking. There was no controversy as to the necessity petitioner was under to convey water through improved or occupied lands for the purpose of irrigating his own lands lying beyond. The petitioner averred that it was feasible and practicable to convey the water for such purpose through defendant's ditch; this averment was traversed by the answer; so, the issue, as the statute contemplates, was in respect to the feasibility and practicability of the taking, rather than the necessity. As a matter of procedure, the issue thus made is analogous to the question of necessity ordinarily arising in condemnation proceedings for other purposes; but as a matter of fact such issue is not to be regarded as involving a question of absolute necessity, but merely a question of the feasibility and practicability of the taking. According to the plain terms of the statute, it is not incumbent upon the petitioner to show an absolute necessity for the taking. The statute is designed to avoid the burdening of improved or occupied lands with unnecessary irrigating ditches. *Tripp v. Overocker, supra.* To this end, it provides that under certain circumstances such lands shall not be subjected to the burden of two or more irrigating ditches, when the same object can feasibly and practicably be attained by uniting and conveying all the water necessary through such lands in one ditch. The object of such legislation is, in general, beneficent. When a party

seeks to avail himself of its provisions, his rights must depend upon the facts and circumstances of the case.    The petitioner having undertaken to bring his case within the terms of the statute, and the defendant having taken issue as to the feasibility and practicability of the taking, substantially in the language of the statute, the issue thus formed was material; it affected the defendant's property; and the defendant had the right to require that such issue should be tried and determined as the law provides.    But how determined?    At what time, and in what manner?

When a material question as to the necessity, or, as in this case, as to the feasibility and practicability, of the taking, is raised, the regular order of procedure is to have such question tried and determined *in limine*, that is, before any inquisition for ascertaining the compensation and damages is entered upon.    For, if the preliminary question be determined adversely to the petitioner, no compensation or damages can be awarded.    Lewis on Eminent Domain, sections 362, 388, 393, 416 and 417.

In this state it has been held that the province of the court and jury are defined by the terms of the act of eminent domain.    See *C. C. R. R. Co. v. Allen*, 13 Colo. 233, and cases there cited.    In like manner it must be held that the province of the board of commissioners is fixed by the terms of said act.    It has been said, also, that the statute must be strictly pursued; certainly, its requirements must be substantially complied with so far as they are properly invoked by either party.

By section 6 of the original act, the court is required to appoint a board of commissioners to ascertain and determine the necessity for taking lands, franchises or other property, and to appraise and award damages and compensations to be awarded to the owner, etc.    By section 7, which was in force at the time this proceeding was pending below, it was provided that the owner of property sought to be taken might at any time before the appointment of such commissioners, demand a jury to ascertain, determine and appraise the dam-

ages or compensation to be allowed, etc. Gen. Laws, 1877, pp. 399–401.

Thus it appears that the defendant company was entitled to have the compensations and damages ascertained and awarded, either by a board of commissioners, or by a jury, at its election; but that if it desired to have the question of the feasibility and practicability of the taking determined, such question must have been referred to a board of commissioners appointed by the court as the law directs.

The legislature evidently perceived good reasons for vesting the exercise of such authority in commissioners specially selected by the court, instead of conferring the same upon a jury drawn by chance from a larger list selected by the clerk.

It is suggested by counsel for appellee that the defendant company by demanding a jury waived the right to have commissioners appointed, and thus waived the right to have the question determined whether or not it was feasible or practicable for petitioners to secure the proposed right of way through said ditch. This would seem to be contrary to the substance, if not the letter, of the statute. The privilege of a jury trial is unconditional, and, when demanded in proper time, it must be allowed. The demand and allowance of a jury does not of itself amount to a waiver of any other right which a party may have in the proceeding. A party may demand a jury to try the question of compensation and damages, and at the same time, or at any time before entering upon such trial, may demand the appointment of a board of commissioners to try the question of the alleged necessity, or, as in this case, the question of the alleged feasibility or practicability of the taking. But since the question of necessity is preliminary to the question of compensation and damages, it follows that if the party demanding a jury voluntarily *goes to trial* before the jury on the latter question, and thus puts his adversary to the trouble and expense of such trial, without indicating in any way that he desired the preliminary question to be first determined, he may be held to have

waived his right to have such preliminary question determined in the proceeding. Such being the circumstances of this case, we cannot as an appellate court determine that the trial court erred in holding that the defendant company had waived its right to a trial of the preliminary issue. For aught that appears in the record, that court may have been justified in assuming that it was feasible and practicable for petitioners to secure the proposed right of way through the defendant company's ditch, since the company had not insisted upon the trial of such question in apt time and manner. Bigelow on Estoppel, 4th ed., chap. 24; Sedgwick on Statutes, 2d ed., p. 87; *Leonard v. Rogan*, 20 Wis., 543.

It is urged by counsel in argument, that a large amount of the testimony introduced before the jury upon both sides, related to the question of necessity, that such question was not waived but treated throughout the trial as an issue of fact to be determined by the jury. The trouble with this argument is that it is not sustained by the record filed in this court. As above stated, the bill of exceptions does not purport to contain all the evidence. In fact, it contains only certain documentary evidence introduced in behalf of the defendant company, including an affidavit setting forth what certain absent witnesses would swear to, which seems to have been admitted to avoid a continuance under the statute. None of the evidence introduced in behalf of the petitioner is preserved in the record. We cannot, therefore, say how the question of feasibility and practicability was treated by the parties and the court *during* the trial. So far as appears, no expression of opinion by the court upon that subject was had until the charge was given to the jury. The application for the appointment of commissioners was not made until the jury had retired. The court may properly have considered the application as coming too late.

Our conclusion is, that the appropriate method for trying and determining the question of necessity, or of feasibility and practicability, in proceedings of this kind, is by the appointment of a board of commissioners by the court as the

law directs, and that the several parties have a right to have such methods observed to the exclusion of any other, when they request the same in apt time. But we must not be understood as holding that, by consent or by voluntary acquiescence, such question may not be otherwise determined or disposed of. Parties may modify as well as waive a statutory privilege.

3. One further matter assigned for error requires consideration. As we have seen, the petitioner sought to procure a right of way for the conveyance of certain water for his individual use through the defendant company's ditch, alleging that such right of way was feasible and practicable. In its answer the defendant, among other things, alleged that its ditch was barely sufficient to convey the amount of water actually and necessarily carried therein to supply those already entitled to the use thereof, and that the conveyance of additional water for the petitioner was physically impracticable. To this, petitioner, among other things, replied, in substance, that if the ditch was not of sufficient capacity to carry the additional water as prayed for, it was nevertheless capable of easy enlargement for such purpose as contemplated by the statute.

The verdict of the jury in addition to a description of the property taken, was as follows:

" 2d. The value of said property so taken is one hundred dollars, to cover right-of-way and enlargement of said seventy-five and one half rods of ditch.

" 3d. The damages to cover value of work done on bed of Sand Creek from point where ditch of said respondents enters same, to point where water is diverted from bed of same as above described, twenty-five dollars.

" 4th. The damages awarded to cover construction of a suitable measuring flume at the point where ditch of said respondents is diverted from Sand Creek in the n. w. quarter of sec. 34 above described, shall be fifty dollars.

" 5th. The damages to the residue of said property are none.

" 6th. The amount and value of the benefits are none."

The verdict thus given did not conform to the statutory requirements. It did not state the value of the property actually taken. The property taken, or sought to be taken, was a right of way through defendant's ditch. Such right of way was the property of the defendant. It is true, petitioner did not seek to deprive defendant of its right of way altogether; but he sought to acquire an interest therein to be used in common with the defendant. Such right of way had a money value, and the interest which petitioner sought to acquire therein also had a money value, which should have been ascertained and specified in the verdict, without qualification. Stating a gross amount as the value of the property taken to cover right of way *and enlargement for a certain distance*, certainly was not a compliance with the statute. Neither can the other amounts assessed as damages to *cover certain work and improvements* be regarded as an ascertainment of the value of the property taken.

Upon overruling the motion for a new trial the court entered its rule and rendered judgment to the effect, that the petitioner, having deposited the compensation and damages awarded, might enter upon and use the defendant's ditch for the purposes described in his petition. This adjudication was supplemented by a further decree which, in substance, commanded the defendant company to forthwith enlarge and repair its ditch from its head so as to safely carry the water belonging to petitioner, as specified in his petition, in addition to the amount already carried for the use of said defendant company; and further commanded said defendant company to construct at a certain specified point on line of said ditch a good, legal and substantial flume, headgate or weir, for the division of water belonging to the petitioner and the defendant company respectively, specifying how such improvements should be placed and used with particularity.

There is nothing in the statute nor in the pleadings in this case to sustain the decree of the court requiring the defendant company to enlarge, improve, or to make other expendi-

tures for the purpose, of adapting its ditch to petitioner's use. The petitioner, if successful in his proceeding, was entitled, according to his prayer, to take possession of and use defendant's ditch for the purposes specified in his petition. If the ditch required enlargement or improvement in order to adapt it to such purpose, such enlargement and improvement must be made at his own cost and expense. It was not competent for the court to sanction any finding nor to make any affirmative decree imposing such burden upon the defendant. Upon a proper verdict the court could admit the petitioner to possession and use of the ditch for the purposes specified in his petition upon the payment of the compensation and damages awarded therefor. We do not question the power of the court to make reasonable and suitable orders to subserve the convenience of the parties touching the time and opportunity for taking possession and enlarging the ditch, provided such orders do not conflict with the substantial rights of the parties in the premises. Further than this, the court cannot properly go in this proceeding.

In the case of *Tripp v. Overocker*, *supra*, the nature and scope of condemnation proceedings to enforce rights under the act of 1881, *supra*, are discussed. In that case the elements of compensation and damages are also indicated in general terms in harmony with the views here expressed. In this case, we cannot upon the matters assigned for error, without the evidence before us, add anything further upon the question of the proper measure of compensation and damages; nor can the adjudication of the county court be maintained in part, as counsel for appellee suggest. The judgment is accordingly reversed and the cause remanded.

Reversed.