Btssbll, J.,
delivered the opinion of the court.
This was a direct proceeding initiated by Whitman and Mott, the appellees, to amend a decree which had been entered in September, 1888, on a petition filed by them under the irrigation act to obtain an adjudication of the rights and priorities in what is known as the “ Hickland Ditch,” which took its water from Apache creek in Huerfano county, Colorado. Child and Bradley were parties to the suit of 1888, and adjudged owners of the entire ditch, and entitled to priority in the use of the waters it carried. The present record does not advise us as to the extent and scope of that litigation. In this action the appellees attacked the decree, claimed a half ownership and sought to obtain an amendment of the judgment and a decree establishing their title to this interest. The present proceeding was begun in 1893, and summons was served on the defendants July 7th. At what date the complaint was filed does not appear, though it was verified in June, and possibly may have been filed in that month. The complaint was demurred to because of the insufficiency of its statement, but for some reason the demurrer was abandoned and the matter proceeded to a hearing. Both parties were represented by counsel, who stipulated the matter might proceed regardless of any objections concerning the form of the notice, the publication of the time of hearing, or any defects or omissions in the form of the pleadings.
*119 Undei this stipulation the case was heard by a referee. He found the petitioners entitled to an interest in the ditch. The report was ultimately confirmed, and a decree entered confirming the petitioners’ interest. The only evidence which they produced concerning their title was what tended to show the grant of a permission or license from the original locator, Alexander Hickland, and his successor in interest, John Hickland, to one Doze. After Doze had used it for some time he attempted by parol to transfer the same license to one Turse, and the appellees claim to derive their title from these antecedent licensees. They offered no evidence of any transfer or deed conveying the interest other than a deed to the land on which the water had been used. The conveyance contained no reference to the ditch, nor were there any apt words of alienation in it. .
It is difficult to apprehend the foundation of the judgment. It is well established that an interest in a ditch is property which may be transferred or conveyed subject to the same limitations and restrictions which attend a conveyance of real property. A conveyance of land without mention of a water-right cannot be taken to transfer an interest in a ditch, although the water carried may have been used upon the land. In this state it is regarded as an independent right, which maybe the subject of sale and conveyance, but a technical transfer is essential to vest in the transferee a title to the water. Burnham et al. v. Freeman, 11 Colo. 601; Strickler v. City of Colo. Springs, 16 Colo. 61; Bloom v. West, 3 Colo. App. 212; Smith v. O'Hara, 43 Cal. 371; Hayes v. Fine, 91 Cal. 391.
There was thus a complete failure to prove a title. Whether they are possessed of evidence which would enable them to make the necessary proof is not clear. We are only . able to say no such legal proof was offered.
There is another equally insuperable difficulty. The present proceeding was neither an equitable nor a legal one to establish the appellees’ title. It was a proceeding under the irrigation statute to amend a decree which had been entered on a petition filed under it. It must be sustained, if at all, by *120 virtue of some provision of the act. Under section 1788 of the General Statutes of 1883, authority is conferred on the district court or a judge thereof to permit a reargument or a review of such an adjudication either with or without evidence on certain conditions and subject to a specific limitation. That section is the only one which grants authority to the district court to review a decree which it may have entered under the act, and this authority is subject to the expressed limitations. According to the terms of the section, this right of review or reargument is specifically limited to a period of two years after the entry of the original decree. Parties who have initiated proceedings under the act or who may have been brought in as parties, whereby their interests have been settled and adjudicated, must proceed within that time if they are aggrieved by the judgment and seek to modify it under this authority. Nichols v. McIntosh, 19 Colo. 22.
We do not attempt to adjudge what rights or remedies are open to persons who are parties to these proceedings other than those which are enumerated in the act. The consideration of any other question is wholly unessential to our conclusions. We decide that where persons are parties to such proceedings, and they desire to obtain a modification of the decree, and for that purpose avail themselves of the right conferred by the act, they must bring themselves within its provisions to obtain relief in this manner. The present petition was not filed until nearly, if not quite, four years after the entry of the original judgment, and consequently the court had no power to amend it in this proceeding. Having permitted the decree to stand for more than two years, the petitioners were remediless.
The court erred in entering its decree, and the judgment must be reversed and remanded, with directions to the court below to enter a judgment dismissing the petition.

Reversed.