Wilson, P. J.
This controversy involves the ownership of an undivided one-eiglith interest .in what is known as the Bowen ditch, taking water from Chalk creek, in Chaffee county, for the purpose of irrigation, and of the right to the water flowing in said ditch, to the extent of one-eighth of the whole. The material facts upon which the issues turn are that on August 8,1888, George L. Smith made application in writing to Crippen, Lawrence and Company for a loan of one thousand dollars, to secure the payment of which he proposed to execute a deed of trust upon one hundred and sixty acres of land owned by him. In this formal application occurred inter alia the following:
“Q. 13. From what canal is.the land irrigated?
“A. - Private canal out of Brown’s creek; also one-eighth interest in large ditch from Chalk creek.
‘ ‘ Q. 16. Will you assign above water rights as security for this loan?
“A. Yes.”
The loan was made, and on August 20, following, Smith executed a deed of trust to secure its payment. In the deed of trust, after the usual conveyance clause and a description of the land it was recited: “Together with all ditches and water rights thereunto belonging or in any wise appertaining, to have and to hold the same, together with all and singular the tenements, hereditaments * * * including all water rights and privileges, ditch or ditches * * * or in case of wasté, or nonpayment of taxes, water dues or assessments, etc.’-’
The loan was made for a period of five years. On October 12, 1888, Smith and seven others prepared *91 and filed in the office of the county clerk of Chaffee county, as required by law, a statement of their intention to take out an irrigating ditch, to be known as the Bowen ditch, from Chalk creek, and also a map showing the line of the ditch, capacity, etc. In this verified statement it was recited that work was commenced on .the ditch on September 24, 1888. On July 22, 1890, ■Smith executed a deed of. trust upon certain other lands, adjoining, however, those described in the first mentioned deed of trust, to secure the payment of a note given by him to The Colorado Loan and Mortgage Company. In this deed, after the conveying clause and a description of the land to be conveyed, it was recited: ‘ ‘ Together with a one-eighth interest in Bowen ditch and all of Brown’s creek ditches, including with said land all ditch and water rights thereunto appertaining or in any way belonging, or which are held or controlled by the said party of the first part at this date, or which may be acquired by said first party as to said land during the existence of this trust deed.”
A number of other conveyances were offered and received in evidence and are preserved as exhibits in the record, but a consideration of these two only is necessary for the determination of the cause. The plaintiff, who is here plaintiff in error, claims title under and through the first deed of trust, the defendants under the second. The relief prayed was that the defendants be adjudged and decreed to have no right, title or interest in or to any part of the Bowen ditch, or use of any part of the water decreed to or flowing in the same adverse to that of this plaintiff, and that they be forever barred and estopped from making or asserting any claim thereto, adverse or paramount to that of any of the other parties to the action, such other parties being the owners of the other interests in the ditch. The defendants an *92 swered, denying the asserted claims of plaintiff in all respects. They also alleged ownership of the ditch interest in themselves, and prayed judgment that they he adjudged to be such owners. The issues were found in favor of the defendants, and judgment rendered accordingly.
The complaint was framed on the theory that Smith, through whom both parties claim, held the ditch interest and water right in controversy as trustee for the grantors of the plaintiff, but present counsel have practically abandoned that theory, and rely for recovery upon the contention that the ditch and water right were appurtenant to the land conveyed in the first deed of trust, and as such were embraced in such deed of trust, and passed to the purchaser and his successors upon foreclosure. This point only we will consider. That the interest in the ditch itself was not conveyed in any manner by the first deed of trust is apparent, because it is not specifically mentioned, and for the additional cogent reason that it was not in existence at that time, the ditch not even having been commenced. The plaintiff or his grantors might, however, have acquired a right to the water flowing in the ditch to the extent of a one-eighth part, without having acquired an interest in the ownership of the ditch itself. The question then is: Did the grantors of plaintiff acquire the water right in the Bowen ditch by the deed of trust? It must be borne in mind that a water right itself, even though it may be appurtenant to land, is the subject of property, and may be conveyed with or without the land. This legal proposition has been positively settled by repeated adjudications in this state. We refer to a few only.—Strickler v. City of Colorado Springs, 16 Colo. 61; Arnett v. Linhart, 21 Colo. 188; Daum v. Conley, 27 Colo. 56, 59 Pac. 753; Child v. Whitman, 7 Colo. App. 117.
*93 In the Linhart ease, supra, the supreme court said: “Being therefore a distinct subject of grant and transferable with or without the land, whether a deed to land conveys the water right depends upon the intention of the grantor, which is to be gathered from the express terms of the deed; or when it is silent as to the water right, from the presumption that arises from the circumstances, and whether such right is or is not incident to and necessary to the beneficial enjoyment of the land.” That the deed did not convey the water right in dispute in praesenti is clear, because it was not in existence at the time. The plaintiff insists, however, that the water right, though after acquired, was made an appurtenant to the land embraced in the deed of trust, under which he claims, by appropriation and actual user, and should be held-to inure to his benefit. We do not think that the position of plaintiff in this respect can be sustained under the facts of the case, as presented. It is not necessary to discuss nor determine when, how, or under what circumstances if at all, an after acquired water right might become appurtenant to land by appropriation and user. The facts are lacking in this case to sustain such a contention in any event. Water right being in this state a subject of property, there must, before an after acquired water right could become appurtenant to land, have been manifested to some extent under the rule laid down by the supreme court, an intention that it should become so. It was conceded in this case that the water right acquired by Smith’s ownership of a one-eighth interest in the Bowen ditch was used at all times after construction of the ditch for the irrigation of the land described in. the first deed of trust; but it is nowhere shown when the ditch was completed, and at what time such user of this water right commenced. There was no testimony whatever upon this point, and the only reference *94 which we- find to it is an incidental allusion in the complaint, in which it is charged that Smith ‘ ‘ as such trustee or agent -so constructed and said appropriation of water made, which use began during the year 1890, etc.” We are nowhere advised as to what time in 1890, and it will be remembered that the second deed of trust was executed in July, 1890, and that therein Smith’s interest in the Bowen ditch was specifically mentioned, and was included in the conveyance. Here was the first evidence of Smith’s intention as to the disposition of his interest in the ditch. It must be remembered, too, that at this, time and for years aferwards, Smith was in possession of the tracts of land described in both deeds of trust. So far as appears from the record, neither the trustee nor the beneficiaries in the second deed of trust had any notice of any intention on the part of Smith, if such were the case, to so appropriate and use this water as to become an appurtenant to the land described in the first deed of trust. There was no testimony offered or received to show or showing that before the execution of the second deed of trust any water at all was taken from the Bowen ditch and used upon the land embraced in the first deed of trust. The statement in his application for loan was of no force whatever, even if it could become such in any event against third parties, because it was not of record, and is not shown to have come to the knowledge of the parties to the second deed of trust. Nor would any statement which Smith made to the parties to the first deed of trust at the time of its execution have been of any force or effect as against the parties to the second deed of trust, unless brought to their knowledge prior to the inception of their interest, which is not shown. The parties to the second deed of trust, therefore, having no notice at the time of the execution of their deed of trust, either actual *95 or constructive, that Smith’s interest in the water flowing through the Bowen ditch was or was intended to be used upon the land, or that it ever became or was intended to be an appurtenant to the land embraced in the first deed of trust, it must be held that the express conveyance to them of the ditch and water right was valid, and the title derived under it superior to that set up by those claiming under the first deed of trust. These conclusions necessitate an affirmance of the judgment.
Clyne v. Water Co., 100 Calif. 310, relied upon by plaintiff, is not at all in point as we view the case. That did not in effect involve an after acquired water right. Tt concerned only the water right which was in existence at the time of, and was conveyed by the mortgage. While the mortgage was in effect, the mortgagor contracted with a water company which desired to construct a reservoir on the stream above the mortgaged premises to surrender her water right, provided that the company would thereafter deliver to her premises through its pipes the same amount of water which they had before enjoyed. The suit was by the owner of the premises under the foreclosure of the mortgage, who simply sought to compel the water company to comply with its contract. No new water right was created by this contract. It involved simply the delivery of the water to which the premises were entitled by virtue of the water right appurtenant to them at the time the mortgage was executed.
There were other important questions raised and discussed, but as the one which we have considered is decisive of the appeal, we need not refer to them.

Affirmed.