No. 17,736.

HEBER MOTT *v.* CLIFFORD COLEMAN, ET AL.
(287 P. [2d] 655)

Decided September 12, 1955.

Mr. JOHN IRA GREEN, for plaintiff in error.

Mr. RICHARD V. ANDERSON, for defendants in error.

*En Banc.*

Mr. CHIEF JUSTICE ALTER delivered the opinion of the Court.

CLIFFORD COLEMAN and William Schempp, hereinafter referred to as plaintiffs, brought an action under our eminent domain statute (chapter 50, C.R.S. '53) to condemn a right of way for an irrigation ditch across the property of defendant Heber Mott, designated hereinafter as defendant. The trial court first appointed a board of commissioners of three fee holders to ascertain and determine the necessity for taking such lands as were described in the petiton, and the commission unanimously determined that the easement prayed for in the petition was necessary and the most feasible right of way for the irrigation ditch required by plaintiffs for the irrigation of their lands. The report of the commissioners was approved by the court over objection of the defendant. Thereafter a jury was impaneled at defendant's request to determine the value of the land taken, the damage, if any, to defendant's remaining land, and the benefits, if any, accruing thereto. The jury returned a verdict finding the value of the property condemned to be $78.00 and the damage to the remainder to be $822.00, with no benefit to the residue of defendant's property. Motion for new trial filed by defendant was overruled, and a final judgment entered by the court awarding plaintiffs a right of way across the lands of defendant, specifically described said right of way in the judgment and decree and awarding plaintiffs possession thereof upon depositing with the clerk of the court the sum of $900.00. Defendant is here by writ of error seeking a reversal of the judgment and decree.

The record discloses that defendant Mott is the owner of the N ½ of the S ½ of Section 30 Twp. 36 N Range 9 East N.M.P.M., and that these lands are improved and occupied lands. Further, that defendant irrigates his

lands by water supplied from an irrigation canal supplemented by a well near- the southwest corner of his property. The water supplied by the well is delivered to a head ditch entirely on the lands of defendant, in which water can be carried in a northerly and southerly direction by a method adopted by defendant. The head ditch is almost immediately adjacent to defendant's west fence line on the county road in the NW ¼ of the SW ¼ of said Section 30. Water from the head ditch is diverted from it in an easterly direction, and parallel to the head ditch defendant has another ditch from which his irrigation operations are completed.

Plaintiff Coleman is the owner of the S ½ of the S ½ of Section 30 which is irrigated from an irrigation canal supplemented by a well near his southwest corner, and he is also the owner of the SW ¼ of the NE ¼ of said Section 30, and plaintiff Schempp is the owner of the S ½ of the NW ¼ of said section, with no present method of irrigating the same.

Plaintiffs seek by this action to secure a right of way in a northerly direction but westerly of defendant's irrigation well and between it and the county road and to use defendant's head ditch and extend the same so as to carry their irrigation water across defendant Mott's lands to their lands northerly therefrom.

The record discloses that plaintiffs sought an agreement with defendant for said right of way, and the compensation to be paid him therefor, without avail.

It is agreed that the defendant's head ditch cannot be enlarged so as to permit both plaintiffs and defendant to use the same because defendant, by a method adopted by him, is using his head ditch to carry irrigation water in both a northerly and southerly direction, as we have said, and plaintiffs' only use of the head ditch would be to carry water in a northerly direction to their lands lying directly north of defendant's property.

The evidence discloses that defendant will have full use of his irrigation canal water, as well as his well

water, by the construction of a new ditch in the NW ¼ of the SW ¼ of said section, and it was for the construction of this new ditch and the changing of the delivery pipes from his well that the jury awarded him the sum of $822.00.

Defendant in his brief in this court, as well as his presentation in the trial court, places his reliance solely upon this court's decision in *Downing v. More,* 12 Colo. 316, 20 Pac. 766, and the court's construction therein of C.R.S. '53, 147-3-4-5-6.

C.R.S. '53, 147-3-4 provides:

"No tract or parcel of improved or occupied land in this state, without the written consent of the owner thereof, shall be subjected to the burden of *two or more irrigating ditches constructed for the purpose of conveying water through said property, to lands adjoining or beyond the same, when the same object can feasibly and practicably be obtained by uniting and conveying all the water necessary to be conveyed to such property in one ditch.*" (Italics ours.)

The provisions of this section are not applicable in the instant case for two reasons: 1. Because there is no ditch presently on defendant's property "constructed for the purpose of conveying water through said property." The evidence here is undisputed that defendant's head ditch and laterals therefrom lie wholly on defendant's own property; 2. because it is undisputed in the instant case that defendant uses his head ditch to carry waters in a northerly and southerly direction from the irrigation system on his property, and plaintiffs' only requirement for a ditch across defendant's property is to carry their irrigation water both from the irrigation canal and the well in a northerly direction across the westerly portion of defendant's property.

C.R.S. '53, 147-3-5 provides:

"Whenever any persons find it necessary to convey water for the purpose of irrigation through the improved or occupied lands of another, they shall select for the

line of such ditch through said property the shortest and most direct route practicable, upon which said ditch can be constructed with uniform or nearly uniform grade, and discharge the water to a point where it can be conveyed to and used upon the lands of the person constructing said ditch."

The commissioners found, and the court approved their finding, that the plaintiffs' proposed ditch for conveying irrigation water to their property was necessary and practical.

As was said in *Downing v. More, supra*, plaintiffs were under an obligation to "select for the line of such ditch through said [defendant's] property the shortest and most direct route practicable, upon which said ditch can be constructed with uniform or nearly uniform grade * * *."

The record shows that defendant objected strenuously to the exclusive use of his head ditch by plaintiffs, testifying that there was another course by which plaintiffs, could obtain their irrigation waters necessary for the cultivation of their lands lying immediately north of defendant. The evidence discloses that the attempt made to secure permission of an adjoining landowner of property west of the county road was unavailing, and furthermore that the course of this ditch constructed on the westerly side of the county road was a longer course.

C.R.S. '53, 147-3-6 provides:

"No persons having constructed a private ditch for the purposes and in the manner provided in section 147-3-5, shall prohibit or prevent any other person from enlarging or using any ditch by them constructed in common with them in a reasonable proportion of the cost of construction of said ditch."

This section is wholly inapplicable in the instant case because both plaintiffs and defendant take the position that defendant's head ditch cannot be used for carrying waters to defendant's lands for reasons heretofore disclosed.

As we have studied the court's opinion in *Downing v. More, supra,* we are forced to the conclusion that there is nothing whatever to be found therein helpful to defendant, and it is our conclusion that the factual situation in the instant case is almost parallel and on all fours with the factual situation in that case. However, we do appreciate that in the instant case no enlargement of defendant's ditch is sought but it is the purpose of plaintiffs to use defendant's head ditch exclusively for the purpose of conveying irrigation waters to their lands lying north of defendant's property. The judgment and decree herein will exclude defendant from the use of his head ditch.

The commissioners found that plaintiffs, in order to utilize the productivity of their lands to the fullest extent, would require the exclusive use of defendant's head ditch, and the jury impaneled to assess values, damages and benefits must have determined under the instructions of the court, to which no objection was interposed, that defendant could, by the expenditure of $822.00, utilize his irrigation water to its fullest extent by the construction of another ditch paralleling his head ditch, and, in fact, the record clearly indicates that defendant's irrigation operations were carried on in part by transferring irrigation waters from his head ditch through a short lateral paralleling his south line near the SW ¼ of his property and then transferring the same into a lateral paralleling his head ditch and running in a northerly direction. The jury had before it evidence that $822.00 would be sufficient in amount to make the changes necessary to utilize defendant's pump and the pipes thereto and to construct a ditch of sufficient capacity to accommodate defendant's irrigation needs.

■■ We conclude that under the provisions of our Constitution (Article 16, Section 7) as well as under the provisions of our statute (C.R.S. 1953, 147-3-4, 5, 6) plaintiffs were entitled to possession, under the eminent domain act, of the lands of the defendant of such dimensions as

are necessary to convey their irrigation water to their own property. We also conclude that where damages are ascertainable to fully compensate defendant for the loss of use of his head ditch and the expense of constructing another ditch which will serve his irrigation purposes that plaintiffs are entitled to the exclusive possession of defendant's head ditch for the purpose of conveying irrigation water to their lands. To hold otherwise would, as the court and jury determined, deprive plaintiffs of the beneficial use and full enjoyment of their property.

The judgment is right, and accordingly is affirmed.