## BASSETT *versus* CARLETON.

If a statute, which confers a special privilege, also imposes specified duties, and provides a remedy for the neglect of them, that remedy alone must be pursued by persons who would seek redress for such neglect.

In the charter of a private corporation, it is competent for the Legislature to establish a new tribunal, with exclusive power to decide whether the corporation shall have failed to perform the duties required by the charter.

Thus, in a charter authorizing the erection of a dam, subject to the duty of turning logs over the dam, and of supplying water for the driving of them, the selectmen of the town may rightfully be constituted the exclusive judges, (in controversies between the corporation and other parties,) to decide whether a sufficiency of water had been furnished, and whether the logs were seasonably turned over the dam.

In such controversies, testimony that the logs were not seasonably turned over the dam, and that the supply of water was insufficient, cannot be received in a court of law, even though the selectmen were never called, by either party, to act upon the subject.

On a REPORT from *Nisi Prius*, HOWARD, J.

This is an action to recover damages of the defendant, who

had erected a dam and sluice on his own land on the Carleton stream in Troy. The action is brought upon the alleged grounds, that the *sluice was insufficient;* that the defendant did not *seasonably turn the plaintiff's logs over the dam;* and that he *did not furnish sufficient water* for the driving said logs to the twenty-five mile pond; by reason of which he alleged that he sustained the damages sued for.

The plaintiff offered in evidence the Act of 1848, chap. 185, entitled "an Act to improve Carleton stream in Troy, for running logs and other lumber." He then introduced a witness, who testified that the plaintiff brought to the defendant's dam a quantity of logs, and that a portion of them were driven over the dam and through the sluice. He was asked by the plaintiff whether sufficient water was furnished by the defendant for running the logs into the pond below the dam, and what damage resulted to the plaintiff from the deficiency of water.

The defendant objected to any testimony upon the question *whether sufficient water had or had not been furnished to drive the logs,* and *whether the logs had or had not been seasonably turned over the dam.* The objection was based on the ground that the statute provides that the selectmen of Troy shall decide between the parties on such questions.

The presiding Judge being of this opinion, the case was, by agreement of the parties, reported, that the court might determine whether it is or is not competent for the plaintiff to go into evidence upon those questions. The question whether plaintiff should be required to call the selectmen of Troy, if the defendant did not have and maintain a suitable and convenient sluice, is also to be submitted to the full court.

*Lancaster,* for the plaintiff.

The suit is for the wrongful conduct of the defendant. His duties were prescribed by statute. An action lies for a party injured by the neglect of such duties.

This was not a case for the action of the selectmen. Their jurisdiction was prospective, and arose only when logs were *to be run,* and when a dispute had arisen about running them. It

was not retrospective in relation to damage already arisen for prior neglects of duty.

*Bradbury*, for the defendant.

Whether the defendant had a sufficient sluiceway was not a matter within the jurisdiction of the selectmen. We made no objection to testimony on that point. The case will not be sent back for the introduction of evidence not offered or objected to at the trial.

Whether the defendant seasonably turned the logs over, and whether he furnished sufficient water, was for the selectmen alone to decide. The plaintiff should have called them at the time. They would have enforced his just rights upon the spot. Such was the design of the statute. Evidence on those points were therefore rightly rejected.

*Lancaster*, in reply.

The defendant, by undertaking to drive the logs without consulting with the selectmen, waived all necessity for their action. After he had scattered the logs upon the rips and shoals, it was too late to call on the selectmen.

HOWARD, J. — The defendant had erected and maintained a dam and sluice on the Carleton stream, in Troy, upon his own land, under a charter from the State, to improve the stream for running logs and other lumber. He was authorized to receive and recover a certain rate of toll for the passage of such lumber, and made liable to pay all damages that any person might sustain, by any failure, on his part, to construct and maintain the dam of the required height and capacity, or to erect and maintain a suitable and convenient sluice. Before any person could be entitled to the benefit of the sluice for floating lumber, he was required to pay the owner of the dam and sluice toll, as provided by the Act. statute 1848, chap. 185, sect. 1, 2, 3, 4.

The fifth section of the Act contains a provision, that " persons driving logs shall be entitled to sufficient water to drive their logs to the twenty-five mile pond, so called, but said Carleton shall not be obliged to turn logs through said sluice,

unless there is a, considerable proportion of the logs above ready to be turned over ; and in case there arises any dispute between the owners of said sluice and the log owners, as to the time of turning over logs, the quantity to be turned over, or the amount of water to be let through to drive the same out, the selectmen of the town of Troy shall decide between the disputants, and may appoint one of their number to super-intend the execution of their decree, and all parties interested shall be held to pay the expenses of said selectmen."

No question is raised as to the sufficiency of the dam, or the right to receive toll.

The selectmen of Troy, for the time, were constituted a tribunal to determine upon the spot, when, and in what quantity, the logs were to be turned over the dam, and the amount of water to be let through, to drive them to the pond. They had exclusive jurisdiction over the subject, and were to exercise that jurisdiction upon the immediate occasion, on application of either of the parties if they disagreed.

If the plaintiff had required more seasonable action on the part of the defendant, or more water than he was willing to furnish, the decree of the selectmen might have settled that controversy or dispute, by removing the cause and preventing damages. If the plaintiff has neglected his rights and his duty in this respect, he cannot recover damages which are the result wholly or in part of his own neglect. So if a statute confer special privileges, and provide a particular remedy for their invasion, those neglecting that remedy may be without redress for the invasion.

It was not competent for the plaintiff to introduce evidence on the points raised at the trial ; which were : — 1, whether sufficient water had or not been furnished to drive the logs ; and 2, whether the logs had or not been seasonably turned over the dam.

The selectmen of Troy had no jurisdiction conferred upon them, by the Act referred to, respecting the sufficiency of the sluice, and the plaintiff was not required to submit that matter to their consideration, as a preliminary proceeding, or to

obtain their decision upon any other matter of controversy, in order to support an action for damages for the insufficiency of the sluice.

But as no question was made, respecting the sufficiency of the sluice, the case should not be sent back to a jury on a point not raised, and to hear evidence, to the introduction of which no objection was offered at the trial, and when, perhaps, no such evidence exists. To dispose of the case in that manner, would seem to be oppressive to the defendant, and without any apparent benefit to the plaintiff.

*Plaintiff nonsuit.*