## ADKISON ET AL. V. HARDWICK.

1. PUBLIC LANDS — POSSESSORY RIGHTS AND REMEDIES.— The possessory rights of settlers upon the public lands of the United States are protected by state statutes under remedies therein provided. When these rights are unlawfully invaded, resort must be had to the appropriate statutory remedy.
2. TRESPASS — REMOVAL OF TREES — REPLEVIN.— In case of trespass on government land claimed to be in the lawful possession of a settler thereon, and the felling and removal therefrom of trees, the settler cannot maintain an action of replevin for the trees taken, it not being among the statutory remedies given for the invasion of such rights.

*Appeal from County Court of Garfield County.*

Messrs. H. T. SALE, JAMES A. DAWSON and JAMES L. NOONAN, for appellants.

REED, C. This was an action of replevin brought by appellee, plaintiff below, against appellants, defendants

below, to recover thirty-four "white spruce pine logs, about twelve feet long," or the value of the same. Suit was brought before a justice of the peace, trial had, and judgment in favor of the plaintiff for the sum of $45 and costs. An appeal was taken to the county court by defendants. A jury having been waived, a trial was had before the court on the 5th day of May, 1884, which resulted in a judgment in favor of the plaintiff for the same amount as that entered by the justice of the peace.

It appears that the plaintiff and defendants were settlers and occupants of adjoining claims on the unsurveyed public lands of the United States; that they made claims to their respective tracts some time prior to January, 1883; that prior to that date plaintiff, with the aid of his brother, neither of them being surveyors, with a small compass (which he testified was not good) made or attempted to make a survey of his claim, and established his corners and marked them with posts or monuments, and on the 11th of December, 1883, filed with the clerk of the county of Garfield his declaratory statement descriptive of his claim, as required of an occupant of unsurveyed land by section 2, division 1, chapter 90, General Statutes. Although plaintiff and his brother, who assisted in the survey, testify that plaintiff "aimed" to take in the land from which the logs in controversy were cut, and thought his description of the property, if followed, would embrace it, it is clear that such was not the fact, and that the timber was on the claim of one of the defendants at that time. In October or November, 1884, a government survey was made of the land. Defendant James W. Adkison testified that Truman Adkison claimed the land from which the logs were cut for more than four years, and down to the time of the United States survey; that they then got the deputy United States surveyor to survey their ranches, and they changed their original locations so as to conform to the United States survey; and in doing so the strip of land

from which the logs were cut was thrown out as a part of the public domain not claimed by any person.

It appears from the testimony that the strip of land from which the timber was cut was upon the forty acres on which plaintiff had built his house, and in which he had resided for nearly two years. The testimony further shows that after the government survey, but not until a month or two after the cutting of the timber, the plaintiff filed upon the land in the United States land-office as a pre-emption claim, and also filed in the office of the county clerk another declaratory statement describing the land by legal subdivisions. And that in December, 1884, after the United States survey, and after defendants had abandoned the land in controversy and made their lines conform, as they testify, to. the government survey, they entered upon the land, being the same forty occupied by the plaintiff, and within a few hundred feet of his house, and cut and removed the timber against his protest, and with personal notice of his claim and rights. It seems that, although the defendants thought. it obligatory upon them, or at least proper, to conform their lines to the United States survey, and withdraw from this land, they did not recognize the right of plaintiff to conform his lines to the survey, or concede to him the right to hold and occupy to the same line, nor to the whole extent of the forty acres upon which he was living. The theory of defendants seems to have been that plaintiff was still bound in that direction by the old line or preliminary survey; and, after the government survey, they employed a surveyor to run the old line according to field-notes, courses and distances in plaintiff's original declaratory statement. They then entered upon that part of plaintiff's forty acres lying between that line and the United States survey line to which they had previously withdrawn, claiming that the tract in controversy was a part of the unoccupied public domain.

The rights of the plaintiff upon the land were only those of a settler upon the public domain of the United States, acquired under statutes of the state. Whether or not there was such compliance with the statute as to protect plaintiff's possession under the statute, in our view of the case, is a matter we are not called upon to determine. Although a person may enter upon the public domain for the purpose of acquiring a title to a portion of it under any of the acts of congress allowing the same, and comply with all the requirements of the act under which he enters, the title remains in the government of the United States until it is divested by the granting of a title to the individual; hence, the only right to invoke the aid of the law as between different settlers on the public domain for the invasion or injury of their respective possessory rights is that given by statute. And the only remedies are the statutory remedies enumerated in section 8, division 1, chapter 90, General Statutes, which are trespass *quare clausum*, trespass, ejectment, forcible entry and detainer, unlawful detainer and forcible detainer. The action of replevin is not given. "Where a new right, or the means of acquiring it, is given, and an adequate remedy for violating it is given in the same statute, the injured parties are confined to that remedy." Potter's Dwar. St. 275; *Smith v. Lockwood,* 13 Barb. 209; *Thurston v. Prentiss,* 1 Mich. 193; *Bassett v. Carleton,* 32 Me. 553; *Renwick v. Morris,* 7 Hill, 575.

A statute applicable in terms to particular actions cannot be applied by construction to other actions standing on the same reason. *Jacob v. United States,* 1 Brock. 520; *United States v. Irwin,* 5 McLean, 178.

It would seem that plaintiff has mistaken his remedy, and that the case should be reversed and remanded.

We concur: RICHMOND, C.; PATTISON, C.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.        *Reversed.*