## COLORADO CENT. R. CO. V. HUMPHREY ET AL.

1. CONDEMNATION PROCEEDING — LEGAL JURY.— A jury of twelve, called from the general panel in attendance in term time, is not a legal jury, in condemnation proceedings, under Civil Code, section 243, providing that the land-owner may demand " a jury of six freeholders," to be drawn as provided in the succeeding sections.

2. THE JURORS SHOULD BE FREEHOLDERS.— As such statute requires the jurors to be freeholders, it is error to overrule a challenge to one who testified that he owned personal property, but no mining property nor any house or land.

3. VALUE OF BENEFITS TO BE DEDUCTED.— In proceedings to condemn a right of way for a railroad, it is error to withdraw from the jury evidence as to benefits to the property from the proposed railroad, as Civil Code, section 253, expressly provides that the value of benefits shall be deducted from the amount of the damages.

*Appeal from District Court of Gilpin County.*

THIS was a proceeding in condemnation on the part of appellant to acquire a right of way ten feet in width across a piece of ground occupied as a mill-site, and on which there was a mill for the reduction and treatment of ores on North Clear creek, at Black Hawk. The proceedings were instituted in the county court, and by agreement the venue was changed to the district court, where a trial was had to a jury, resulting in a verdict for $1,500, the value of the land taken having been found to be $500, and the damage to residue of property not taken $1,000. Motion for a new trial made and overruled, and a judgment on the verdict, from which the appeal was taken. The further facts necessary for a proper understanding of the case appear in the opinion.

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. CHASE WITHROW and MORRISON & KOHN, for appellee.

REED, C. A large number of errors are assigned. It appears that the case was tried at a regular term; the jury was a jury of twelve persons called from the general panel in attendance. It was objected that the jury was not a proper one in this proceeding, and a challenge and objection was filed, which was overruled by the court, and exception taken. The ruling of the court is assigned for error.

Condemnation proceedings under the acts relative to eminent domain are special proceedings, purely statutory, unknown to the common law. Such proceedings, to be valid, must be substantially conformable to the law conferring the right to condemn. Any serious departure vitiates and renders the proceeding void. The right to condemn and appropriate is derived from the constitution and the statutes. The constitutional provision is as follows:

"That private property shall not be taken or damaged

for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law."

In section 23, article 2, it is declared that "a jury in civil cases in all courts   *   *   *   may consist of less than twelve men, as may be prescribed by law." Under these constitutional provisions, the legislature provided in section 242, Civil Code 1883, for commissioners, and in section 243 for a jury, as follows:

"Any person, persons or company, whose estate or interest is to be affected by the proceeding, may demand, at the time of any hearing of such petition, and before. the appointment of the commissioners, a jury of six freeholders, residing in the county where such petition is filed, to ascertain, determine and appraise the damages or compensation to be allowed therefor; and thereupon said court or judge shall make an order for the drawing of such jury, as herein provided."

Section 244 provides for a jury and a trial in vacation. It is evident, from an examination of section 246, that the jury shall be the same in number and selected in the same way, whether the trial occurs in term or vacation. The proceeding being statutory and special, a substantial compliance with its provisions is necessary and imperative. If by statute a new power or right is conferred, and a particular form or manner of proceedings in connection therewith is provided, it is an exclusion of any other mode. In such cases the maxim *expressio unius est exclusio alterius* applies. Potter's Dwar. St. 275; Sedg. St. & Const. Law, 30, 31.

"Where a statute gives a new power, and at the same time provides the means of executing it, those who claim the power can execute it in no other way." *Turnpike Co. v. Gould*, 6 Mass. 40; *Glass Co. v. White*, 14 Mass. 286; Potter's Dwar. St. 275; *Smith v. Lockwood*, 13 Barb. 209;

*Thurston v. Prentiss*, 1 Mich. 193; *Bassett v. Carleton*, 32 Me. 553; *Renwick v. Morris*, 7 Hill, 575; *Lang v. Scott*, 1 Blackf. 405; *Almy v. Harris*, 5 Johns. 175; *New Haven v. Whitney*, 36 Conn. 373; *District Tp. v. Dubuque*, 7 Iowa, 262; *Adkison v. Hardwick*, 12 Colo. 581.

It follows that a jury of twelve was not a legal jury, and that the jurors were not drawn in the manner and did not possess the qualifications required. The challenge should have been sustained.

Had the jury been of the proper number and properly drawn, it would have been error to overrule the challenge for cause to the juror Parcell. The eminent domain statute declares that the jurors shall be freeholders. In answer to questions he said:

"I own, yes, sir, some personal property. Question. Do you own any lode property,— mining property? Answer. No; I do not. Q. Any house or property? A. No; none whatever." It will readily be seen that he did not possess the qualifications required by the statute, and was incompetent.

The court also erred in holding and declaring, during the progress of the case, that no evidence of benefits to the property could be considered. The judge said: "I am going to hold, for the purposes of this trial, * * * that the benefits to this property, by virtue of the increased transportation, will not be considered in this case at all. * * * The ruling is, any benefits you might tender this party are not to be considered as a set-off." It is expressly provided in section 253, Civil Code 1883, that benefits shall be considered. The language is: "In estimating damages occasioned to other portions of claimant's property, or any part thereof other than that actually taken, the value of the benefits, if any, may be deducted therefrom." And in states where there is no statute, the great weight of authority is in favor of the reception of testimony of benefits, such as the evidence here rejected tended to show, as well as injury; and it is clear, on principle, that the damage

could only be the balance after deducting such benefits. Whether there were benefits, and of what value, were questions of fact for the jury. Several witnesses testified that the property was benefited by increased facilities for transportation, in connection with the mill business, by the construction and operation of the road. To withdraw such evidence we think was error. We do not find it necessary to examine and discuss each of the supposed errors herein. There are several palpable errors in the admission and rejection of testimony, and in the charge to the jury, which will probably not occur upon a retrial. We advise that the judgment be reversed and the cause remanded for a new trial.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*