Reed, J.,
delivered the opinion of the court.
The defendant in error on April 29,1889, filed a pre-emption claim upon certain land in Grand county; had the tract surveyed ; put eight logs in the foundation for a cabin valued at $10.00’; worked upon the place about eleven dajrs grubbing, which was all the improvement — never resided upon the land; about July 15th left the neighborhood for a temporary absence ; returned about August 20th. During his absence plaintiff in error entered upon the land and cut wild hay, growing on some part of it; also, “ picketed ” his horses and destroyed the hay upon another part. Martin refusing to pay for the damage, Pittman brought suit before a justice of the peace and obtained a judgment. Martin appealed to the county court; a trial had to a jury, resulting in a verdict and judgment for Pittman of $1.60 and costs, stated to be $316.70. '
The only question presented here for determination is whether the possessory title of Pittman to the land was such as to enable him to maintain an action for the entry and damage. There is no conflict in the testimony. The alleged *222 entry, cutting of haj^ and picketing of horses is apparently admitted, but from the evidence it seems impossible to understand the tenure of the claim by which the land was held by Pittman. He says that he filed upon it as a pre-emption at a certain date, which would indicate a filing in the United States land office, and an attempted holding under the law of congress, yet no such proof is made, nor does it seem to have occurred to either party that, if such were the fact, his possessory title was dependent upon compliance with the preemption act. In the absence of all evidence, and both parties having regarded and treated the action as one arising under chap. 90, Genl. Stat., entitled “ Public Lands,” it must be so regarded in this court. By sec. 8 of the act, “ any person settled upon any of the public lands belonging to the United States may maintain trespass quare clausum fregit, trespass, ejectment, forcible entry and detainer, unlawful detainer, and forcible detainer for injuries done to the possession thereof,” but as conditions precedent to the right to maintain any action for the invasion of his possession, by sec. 10 of same chapter, he is required to have such claim “ marked out so that the boundaries thereof may be readily traced and the extent of such claim readily known,” and must be in the actual occupancy of the claim or have made improvements on it to the value of $100. Pittman’s testimony showed he was neither occupying nor had made the requisite improvements, and there was no evidence of any marking out and proper defining of the boundaries.
The action is purely statutory. The statute is in derogation of the common law. A party to avail himself of its benefits must prove strict compliance with its requirements. “ When a new right, or the means of acquiring it, is given and an adequate remedy for violating it is given in the same statute, the injured parties are confined to that remedy.” Potter’s Dwar. on Stat. 275; Smith v. Lockwood, 13 Barb. (N. Y.) 209; Thurston v. Prentiss, 1 Mich. 193; Bassett v. Carlton, 32 Me. 553; Burwick v. Morris, 7 Hill (N. Y.), 575; Adkison v. Hardwick, 12 Colo. 581.
*223 Several other supposed errors, occurring upon the trial, are assigned, but it will not be necessary to dispose of them. The failure to establish the right to maintain the action by showing strict compliance with the statutory requirements is conclusive of the case.
The judgment must be reversed and cause remanded.

Reversed.