Reed, J.,
delivered the opinion of the court.
Appellant brought suit against appellees and one John Hart and William W. Anderson to establish and enforce a mechanic’s lien against certain property in the city of Denver for a balance of $808.99, alleged to be due her for building material used in the construction of houses.
It is alleged that prior to the 17th of April, 1890, one Lydia L. Foster was the owner of the lots. Shortly after that date she conveyed the lots to John Hart, and on the 7th of June, 1890, Hart conveyed the lots to William W. Anderson, who was alleged to have béen at the time of the filing of the complaint, the owner of the property, subject only to the lien of plaintiff. Prior to the 7th day of June, 1890, Hart had commenced the erection of some buildings upon the lots which were in course of construction at the date of his conveyance to Anderson. Hart continued the construction of the buildings which were completed about the middle of September, 1890. At the time Hart made the .conveyance to Anderson it was agreed that he was to con *85 tinue the erection and construction of the building and complete it; “ that appellant was informed and believed that, as part of the transaction between Hart and Anderson, Anderson was to pay appellant for material furnished for the building; ” that on the 7th day of July, 1890, Anderson informed the plaintiff that he was the owner of the lots, and paid plaintiff the sum of $200 on account of the material furnished. That on the 9th day of September, 1890, there was due from Hart to plaintiff the sum of $1,024.99, less a discount of $16.00, and $200 paid by Anderson, leaving the amount unpaid, $808.99.
On the 9th of October plaintiff made and filed a statement for a mechanic’s lien, directed to William W. Anderson (owner), stating that the name of the person owning the property to be charged with the lien was William W. Anderson ; stating her own name as the person who furnished the material; naming John Hart as the contractor, and describing the property in which the material was used, the amount and value of the material furnished, and of credits and balance due; which is subscribed by the plaintiff. Attached to such statement was drawn a jurat or verification, which was also subscribed by the plaintiff but not sworn to. Before the filing of such lien and statement, a copy of the same was served on 'William W. Anderson. On March 31, 1891, it is alleged that the lien and statement were verified and sworn to by the plaintiff, and on the same date refiled for record.
There are various allegations contained in the complaint which need not be stated or examined for the purpose of deciding the questions at issue. There were other subsequent conveyances by warranty and trust deeds, under which appellees claim rights and interest in the property.
Appellees and John Hart filed demurrers to the complaint “ For the reason that said amended complaint does not state facts sufficient to constitute a cause of action against said defendants or any of them.” After hearing, the demurrers were sustained. Plaintiff standing by the complaint, judg *86 ment was entered for defendants, from which an appeal was brought to this court.
The act of 1889 provided (Sess. Laws 1889, p. 249), “ Any person wishing to avail himself of the provisions of this act shall file for record, in the office of the county recorder of the county wherein the property to be affected by the lien is situated, a statement containing,” etc.
''Fourth, * * * Such statement shall be signed and sworn to by the party claiming such lien. * * * In order to preserve a lien for work performed or materials furnished by a subcontractor there must be served, upon the owner of the property, * * * at. or before the time of filing with the county clerk and recorder the statement above provided for, a copy of such statement.”
It is conceded that the statement filed Oct. 9, 1890, was not verified, and that the copy served upon Anderson was a copy of that unsworn paper. On March 31, 1891, the statement was withdrawn, verified and refiled, but no copy served upon Anderson or any one else as owner.
The rights of a subcontractor for a lien against the owner of the realty for material furnished the contractor, are purely statutory, and by some courts and writers are considered to be contrary to public policy, by many thought to be discriminating, special, “ class ” legislation. See Anderson v. Bingham, 1 Colo. App. 222, and cases cited. Statutes in derogation of the common law, like the one in. question, where the realty of the owner may under some circumstances be incumbered by the act of a contractor, by no act or consent of his own, and where the owner of the land and the land itself are made sureties for the debt of another by statutory enactment, — such special statute must be strictly construed, and to create the lien the provisions mustbe specifically and accurately followed; not only conform to the spirit of the law but to its every detail. See Adkison v. Hardwick, 12 Colo. 581; Potter’s Dwar. Stat. 275; Thurston v. Prentiss, 1 Mich. 193; Bassett v Carleton, 32 Me. 553; Renwick v. Morris, 7 Hill, 575.
*87 The filing of the unverified statement was void and of no effect. A claimant to avail himself of the provisions of the act must file a sworn statement, it is the initial proceeding to entitle the party to proceed. In the case of a subcontractor there must be before or at the time of filings a copy of such statement served upon the owner, the statement must be sworn to and the copy served, the copy of a sworn statement. The copy of an unverified statement might be sufficient to call his attention to the statement on file, and an examination of that would show a void proceeding, no proceeding instituted, so he would have no notice of anything, consequently, no statutory proceedings to enforce a lien were commenced in October, and there could be no notice of what had no existence. On the 31st of March following, the statement was verified and refiled; from that time the initiatory proceedings dated, and proceedings may be said to have commenced. No notice whatever was served of that; consequently we have the anomaly of a notice of a proceeding that had no existence, being carried over four or five months, and an attempt to apply it to a proceeding then instituted. Then we have a second obstacle equally fatal, for the copy which was served of the first instrument is not a copy of the second, verified paper. The necessity of a notice to the owner of the claim of a subcontractor is obvious; there is no privity existing between the two growing out of the contract. It is to enable the owner, as far as possible, to secure himself through the contractor, and he should have full opportunity. The notice is the method provided for making the owner, whose property is to be charged, a party to the proceeding, and cannot be dispensed with. No legal proceedings instituting the suit were had until March 31, 1891. Of those proceedings the owner had no notice, and this fact appearing upon the face of the complaint, it was properly reached by demurrer, and the judgment of the court upon that question must be sustained'.
The other question presented in regard to the ownership of the property is eas3'- of solution, in view of what has been *88 said. Long before the suit was instituted the property was conveyed to Anderson. He was the proper party, the party whose property was to be affected. The intention of the statute is clear; the party whose title is to be clouded and property incumbered is the one who is to receive notice.
In this court the constitutionality of the amended Mechanic’s Lien Law of 1889 is raised; it was not raised in the court below. If the question is to be examined in this court — the questions presented being of law and fact, the questions of fact should have been submitted and determined in the lower court. The jurisdiction of this court in questions of that kind being purely appellate, no cognizance can be taken of them in this court in the first instance. This court has no machinery for bringing in evidence and determining questions of fact, they must come up for review, not as original questions. Counsel for the respective parties have presented the question in this court by able and exhaustive briefs and oral arguments, and both evince a desire to have it passed upon, and being a question of great public importance, we regret that it cannot be determined. Consent of parties cannot confer jurisdiction where it is not conferred by the law.
The judgment of the district court upon the demurrers must be affirmed.

Affirmed.