Reed, J.,
delivered the opinion of the court.
Appellant was the owner of certain, real property in the city of Denver, upon which she was erecting a building. She made a contract with Charles D. Bourkhard to do the painting, etc., for the sum of $500.
Appellee was a laborer employed by the contractor; performed labor to the amount of $86.65, which was unpaid, and brought this suit against appellant and the contractor to enforce a mechanic’s lien, under the act of 1889.
' A demurrer was filed to the original complaint, which was sustained, and an amended complaint filed, to which no objection was taken, and defendant’s- counsel were given eight days to answer. The time expired. No answer was filed, and a default taken. Some days afterwards evidence was taken and the claim established to the satisfaction of the court, and a decree entered for the plaintiff. No exception was taken to the default or the decree or judgment. It has been 'frequently held in this court that unless an exception was taken, the judgment would not be reviewed. A motion was made to set aside the default and judgment which was overruled, but no exception taken.
It is assigned for error that the complaint was insufficient to warrant a judgment, but it is not urged in argument nor are any defieienees pointed out. No objection was mad'e to it in the lower court, and upon examination I fail to see why it is not sufficient.
The only point urged in the printed argument is that the statute of 1889, under which the suit was instituted, was unconstitutional by reason of some informality in the legislative proceedings. The same question was .presented and-ably urged in Rice v. Carmichael, 4 Colo. App. 84. This court said:
*60 “It was not raised in the court below.' If the question is to be examined in this court — the questions presented being of, -law and fact, the question, of fact should have been submitted and determined in the lower court. The jurisdiction of this court in questions of that kind being purely appellate, no cognizance can be taken of them in this court in the first instance. This court has no machinery for bringing in evidence and determining questions of fact. They must come up for review, not as original questions.”
The judgment of the county court should be affirmed.

Affirmed.