[No. 4145.]

## THE COLORADO FUEL AND IRON CO. ET AL. v. THE FOUR MILE RAILWAY CO.

1. PRACTICE—REMOVAL FROM STATE TO FEDERAL COURT.

The mere filing of a petition for the removal of a cause to the federal court does not *ipso facto* entitle the party filing it to the removal but the court to which it is addressed must determine from the facts therein stated, in connection with those which already appear, whether or not the petitioner is entitled to a removal.

2. SAME—CONDEMNATION PROCEEDINGS—PARTIES.

In a proceeding to condemn a right of way for a railway company against a domestic corporation as owner of the premises and against a foreign corporation as trustee for the holders of bonds secured by mortgage on the premises sought to be condemned both corporations were indispensable parties to the proceeding, and their interests were not divisible so that a separate action could be maintained against each, and the foreign corporation was not entitled to have the cause removed into the federal court.

3. CONDEMNATION PROCEEDINGS—REMOVAL TO FEDERAL COURT—
   JURISDICTION OF COUNTY COURT.

In a condemnation proceeding before the county court where the petition averred that the value of the land sought to be condemned together with the damages which would accrue to those adjoining did not exceed two thousand dollars, and affidavits were filed which averred that the value of the land and the resulting damages exceeded two thousand dollars, it was not the duty of the county court to dismiss the case. The averments of the petition gave the court jurisdiction which could not be defeated by affidavits, but the question of jurisdiction so far as the amount in controversy was concerned could only be determined by the verdict and judgment upon the trial on the merits.

4. PRACTICE—INTERLOCUTORY ORDERS—HARMLESS ERRORS.

Interlocutory orders, though erroneous, which do not prejudice the rights of the party against whom they are made, and which do not appear to have any prejudicial effect upon the disposition of the case upon its merits are insufficient to reverse a cause.

5. CONDEMNATION PROCEEDINGS—ORDER FOR POSSESSION—NOTICE
   —INSUFFICIENT DEPOSIT—HARMLESS ERROR.

In a condemnation proceeding the fact that the court entered an order permitting the petitioner to take possession of the proposed right of way without notice of the application for such order having been

given the adverse party, and upon a deposit very much below the value of the property, while erroneous, was not sufficient to justify a reversal of the case, where the sum subsequently adjudged as damages for the right of way in controversy has been paid into court by the petitioner.

6. CHANGE OF VENUE—PREJUDICE OF JUDGE.

In a condemnation proceeding, the facts that the judge only required a deposit of $75 to admit the petitioner into possession of the premises sought to be condemned after the respondents had filed affidavits that the value of the property with the resulting damage would exceed $2,000, and the order of possession was obtained without notice to the respondents, do not show such prejudice on the part of the judge as would make a denial of a change of venue on that ground erroneous.

7. APPELLATE PRACTICE—PLEADING.

An objection to the sufficiency of a pleading made for the first time on appeal is not regarded with favor and will not prevail unless the pleading is so radically defective that it will not support the judgment rendered.

8. SAME—CONDEMNATION PROCEEDINGS—FAILURE TO AGREE.

In a condemnation proceeding an allegation in the petition "that the petitioner has endeavored to agree with the respondents upon the compensation to be paid in respect to the property herein sought to be taken, but has been unable to acquire the right of way herein described by purchase or voluntary grant from the said respondents," is a sufficient averment that the compensation to be paid for the property sought to be appropriated cannot be agreed upon, where objection to the petition on that ground is first raised on appeal.

9. CONDEMNATION PROCEEDINGS—PLEADING—DESCRIPTION.

In a condemnation proceeding a petition that describes the right of way sought to be condemned with sufficient definiteness that any one versed in the nomenclature employed for the description of lands could locate it without any trouble, contains a sufficient description.

10. CONDEMNATION PROCEEDINGS—JURIES—PRACTICE.

In a condemnation proceeding set for hearing in term time where a jury is demanded, such jury must either be selected from the regular panel in attendance, or from persons summoned in the manner provided by statute for summoning persons for jury duty in term time, and cannot be drawn as provided by Mills Ann. Stat. § 1722, which provides for juries for cases heard in vacation.

11. CONDEMNATION PROCEEDINGS—PROVINCE OF JURY.

The province of the jury in condemnation proceedings is to determine the damages to be awarded the owner of the property taken. Mills Ann. Stat. § 1732 specifies what particular items shall be re-

ported upon by the jury in their verdict, and all other questions must be determined *in limine*.

**12. SAME—VIEW OF PREMISES—GUIDES.**

Condemnation proceedings are special and the requirements of the statute on the subject must be strictly complied with. And where a view of the proposed right of way by the jury was directed by the court, it was error to appoint guides to aid the jury in their view. No other person than the sworn bailiff in charge of the jury is allowed to accompany the jury on their view of the premises.

**13. CONDEMNATION PROCEEDINGS—JURIES --SPECIAL FINDINGS.**

Whether or not a jury shall be required to return special findings in a condemnation proceeding rests in the discretion of the trial court and unless that discretion has been abused to the prejudice of the party requesting such findings, the action of the trial court in refusing to require such findings will not be disturbed.

**14. CONDEMNATION PROCEEDINGS—COAL DEPOSITS—INSTRUCTIONS.**

The question as to whether or not a railroad company may condemn a right of way and construct a tunnel through a coal vein on the land sought to be condemned is a question to be determined *in limine*, and cannot be properly raised by requested instructions to the jury, nor by objection to instructions given.

*Appeal from the County Court of Garfield County.*

Appellee instituted an action to condemn a right of way for railroad purposes. From a judgment awarding a right of way and fixing the damages to which appellants were entitled, they bring the case here for review on appeal. The material facts appear in the opinion in connection with the questions decided.

Mr. D. C. BEAMAN and Mr. JOHN T. SHUMATE, for appellants.

Mr. S. H. KINGSLEY, Mr. CHARLES T. BROWN, and Mr. E. J. CHURCHILL, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The first point made is, that the court erred in refusing to transfer the cause to the federal court on the petition of the Central Trust Company. From this petition and the pleadings filed on behalf of appellee, it appears that the Fuel Company is a corporation organized under the laws of the state of Colorado, and the Trust Company a corporation organized under the laws of the state of New York. The latter is trustee for holders of bonds secured by mortgage on the premises over which the right of way is sought. The Trust Company claimed in its petition for removal that the value of the land, and damage which it would sustain exceeded the sum of two thousand dollars. It was certainly within the province of the trial court to determine from the facts presented whether or not the party asking for a removal to the federal court was entitled thereto. The mere filing of a petition for this purpose does not *ipso facto* entitle it to a removal. The court to which it is addressed must determine its sufficiency; that is to say—determine from the facts therein stated, in connection with those which already appear, whether or not a case is made which entitled the petitioner to a removal.—*Crehore v. O. & M. R. Co.*, 131 U. S. 240; *Burlington R. R. & N. R. Co. v. Dunn*, 122 U. S. 513.

The citizenship of the Trust Company was immaterial; neither is the amount in controversy of any moment on the subject of removal. Both appellants were indispensable parties to this proceeding. It could not proceed without the presence of both, as they were each interested in the subject matter of controversy. Their interests were not such that they could be separated. Neither was the controversy between the parties of such character that it was divisible; so that the appellee could maintain a

separate action against each of the appellants, wherein the rights of each could be fully determined by itself apart from the rights of the other. Hence under the federal statute governing the removal of causes from state to federal courts, the action of the trial court in denying the petition to remove was correct. *Bellaire v. B. & O. R. Co.*, 146 U. S., 117; *Peper v. Fordyce* 119 U. S., 469; *Crump v. Thurber*, 115 U. S., 56.

It is said on behalf of appellants, that because the affidavits filed in support of the application to transfer to the federal court were not controverted, that the county court should have dismissed the proceedings. Those affidavits averred that the value of the land sought to be taken and the resulting damages exceeded two thousand dollars. The petition states that the value of such lands, together with the damages which would accrue to those adjoining owned by the appellants, does not exceed the sum of two thousand dollars. The sole object of the proceeding, as measured in money, was to ascertain the damages to which appellants were entitled. To try the question of jurisdiction *in limine* on a controverted question of fact as to the amount of damages, would have, in effect, been a trial of the cause in advance upon its merits before the court. The express averments of the petition gave the court jurisdiction. In this instance, the only way to settle the truth of these averments which would finally determine the jurisdiction of the court, so far as the amount involved was concerned, was to await a verdict and judgment. *The People v. County Court*, 26 Colo. 478; *Sievers v. County Court*, 11 Colo. App 147.

The averments of the petition relative to jurisdic-

tion were conclusive as against an attack by the affidavits in question.

After the petition for condemnation was filed, the court entered an order on the application of petitioner, permitting it to take possession of the proposed right of way pending the determination of the condemnation proceedings upon the deposit of seventy-five dollars.  No notice of an application for an order of this character was given appellants, neither was there any averment in the petition as to the necessity of such possession.  It is claimed on their behalf that the amount of the deposit was wholly insufficient.  The sum subsequently adjudged as damages for the right of way in controversy has been paid into court by the appellee.  The proceedings which led up to the order for possession may have been very irregular, but they were only interlocutory in character.  Interlocutory orders, though erroneous, which do not prejudice the rights of the party against whom they are made, are insufficient to reverse a cause when it does not appear that such orders have any prejudicial effect upon the disposition of the case upon its merits.

Appellants filed a petition for a change of venue in which they charged that the court was prejudiced against them, on account of which they feared that they would not receive a fair and impartial trial.  They appear to have based their allegation upon the fact that notwithstanding affidavits upon their part that the damages which they would sustain for the right of way would exceed the sum of two thousand dollars, the court only required a deposit of seventy-five dollars as a condition precedent to the order of possession, and that the latter order was obtained without any notice to them.

This petition was denied.  On the facts stated in the petition, we do not think that the court erred in denying the application.  It may have made a mistake in the procedure, in that the order of possession was entered without notice to appellants, or subsequent proceedings may have disclosed that the amount of the preliminary deposit was insufficient, but these matters do not show such a prejudice on the part of the judge as would prevent appellants from receiving a fair and impartial trial at his hands.

The sufficiency of the petition for condemnation is also challenged, for the reason that it fails to state facts from which it can be inferred that the parties had failed to agree upon compensation for the right of way.  It is also claimed that the description of such right of way is not sufficiently definite.  The petition states "that the petitioner has endeavored to agree with the respondents upon the compensation to be paid in respect to the property herein sought to be taken, but has been unable to acquire the right of way herein described by purchase or voluntary grant from the said respondents."  Our attention is not directed to any action on the part of appellants challenging the sufficiency of the petition in the court below, nor any motion requiring a more definite description of the right of way.  This court has frequently decided that an attack upon a pleading made for the first time on appeal is not regarded with favor, and will not prevail, unless the pleading thus challenged is so radically defective that it will not support the judgment rendered.  *In re. Estate of Thomas*, 26 Colo. 110; *Insurance Co. v. Bonner*, 24 Colo. 220; *Brothers v. Brothers*, ante p. 69.

If the statute relating to proceedings in eminent domain—1 Mills Ann. Stat. § 1716—requires that a

party seeking to condemn property must aver in his petition that the compensation to be paid for the property so sought to be appropriated cannot be agreed upon, the language of the petition in this instance was sufficient from which to infer that fact, and is a sufficient compliance with the statute in the absence of an attack below. *Bowman v. The Venice & C. R. Co.*, 102 Ill. 459; *Booker v. The Venice & C. R. Co.*, 101 Ill. 333.

An examination of the description of the right of way convinces us that it was sufficiently definite, so that any one versed in the nomenclature employed for the description of lands could locate it without any trouble. Such, in fact, is the testimony of a surveyor on this subject.

This cause was set for hearing in term time. In apt time appellants demanded a jury. What the record may disclose with respect to the attendance of a regular panel of jurors at the term at which the cause was tried, is immaterial. The contention of counsel for appellants is, that the cause being tried at a regular term the issues should have been submitted to a jury selected from a regular panel. The record shows that a jury had been summoned for this particular case, the persons summoned for this purpose having been selected in accordance with the provisions of 1 Mills Ann. Stat. § 1722, which provides that in cases fixed for hearing *in vacation*, the clerk of the court shall write the names of twenty-four disinterested freeholders of the county on as many different slips of paper, each slip to contain but one name, and shall select from such names the jurors to be summoned. Prior to empaneling the jury from the persons so selected in this case, appellants filed a motion to quash the venire and

panel, and procure and summon a jury as required by law, which motion was overruled. The question presented is, whether or not, when a condemnation cause is tried in term time, a jury shall be selected in accordance with the provisions of § 1722 *supra*. Under the law, as it existed prior to the amendment of 1889, it was ruled by this court, in *Colorado C. R. Co. v. Humphrey*, 16 Colo. 34, in construing section 243 of the civil code of 1883, that a jury in a condemnation proceeding could not be selected from the general panel in attendance, but must be drawn as provided in section 244. Section 243 required that when a demand by either party was made for a hearing before a jury, that the court or judge should make an order for the drawing of such jury "as herein provided," and as the only provision for drawing a jury was that contained in the section succeeding, the jury in condemnation cases must be drawn as provided in the latter section. In 1889, section 243 *supra* was amended, by which, so far as material to notice, no express provision was made relative to how a jury should be selected. This amended section is now § 1721, 1 Mills Ann. Stat., section 244, code of 1883, now § 1722. 1 Mills Ann. Stat., was not changed in any material manner, exept as to the number of jurors. It designates how a jury shall be selected in cases set for hearing *in vacation*. The change made by the amendment of 1889 is material. It cannot be held, under this amendment, that a jury in condemnation proceedings to try the issues in term time, shall be selected as provided in § 1722 *supra*, unless we read into the statute that which is not expressed, either in words or by implication, viz.: That the jury shall be selected in accordance with the provisions of the section following. We must, therefore, conclude that the ruling an-

nounced in *Colorado C. R. Co. v. Humphrey, supra,* is
no longer applicable, because of the change made by
the amendment.  So that, with no special provision
designating how a jury in condemnation cases shall
be selected for the trial of such causes, in term time,
the jury for this purpose at such time must either be
selected from the regular panel in attendance or
from persons summoned for jury duty in term time,
in the manner provided by statute.  *Warner v.
Gunnison,* 2 Colo. App., 430, fully supports this
conclusion.

3 Mills Ann. Stat. § 2606 provides how a regular
panel may be secured for the county court.  Mills
Ann. Stat. § 2611 provides that if jurors shall not be
drawn and summoned for the county court and a
jury is required, that the court shall nevertheless
have the power to cause a jury to be summoned by
open venire.  The motion of appellants to quash the
panel selected should have been sustained, and a
jury selected from persons summoned in one of the
ways provided for securing the attendance of jurors
upon the county court.  It is suggested by counsel
for appellee, that as jurors in condemnation proceed-
ings must be freeholders, the method provided in
§ 1722 *supra* must be followed in all cases.  The
qualification prescribed is statutory, and if jurors
secured in the ordinary way do not possess these
qualifications. they, of course, would not be com-
petent, and their places would have to be filled by
others selected in the manner provided for summon-
ing talesmen in cases of this character, if talesmen
in such cases are to be selected in a way different
from talesmen summoned in ordinary cases.  Upon
this point we express no opinion, although it is sug-
gested by counsel for appellee that under the pro-

visions of 1 Mills Ann. Stats. § 1723, if talesmen were required, a jury could not be completed in the ordinary way. Even if this be true, it in no manner militates against our conclusion, that for the trial of a cause in term time a jury cannot be selected as provided in § 1722 *supra*. If, in fact, § 1723 is applicable in all cases, it is but a special provision which must be followed in securing talesmen for a jury in a condemnation case.

The province of a jury in condemnation proceedings is to determine the damages which shall be awarded the owner of the property taken—1 Mills Ann. Stat, § 1721. In order to properly ascertain this fact, the statute further provides what particular items shall be reported upon by the jury in its verdict —1 Mills Ann. Stat. § 1732. All other questions must be settled *in limine. Sand Creek L. I. Co. v. Davis*, 17 Colo. 326; *Thompson v. Ditch & Reservoir Co.* 25 Colo. 243; *Siedler v. Seeley*, 8 Colo. App. 499.

Any attempt, therefore, to present or submit to the jury any questions save those which it is required to report upon, was properly refused.

It does appear from the bill of exceptions, that "the court held that the question, whether the parties could or could not agree prior to the commencement of the suit, as to the compensation to be paid for the proposed right of way, and the question whether the contemplated use of such right of way, was or was not a public use, were questions to be decided by the court and not the jury; and the court, on the evidence aforesaid, introduced on the trial, found and decided that the parties could not so agree, and that the contemplated use was a public use, deciding all said questions in favor of the petitioner and against the respondents." Notwithstand-

ing this ruling and finding, it is evident from the record as a whole that the parties to this proceeding never contemplated trying some of the issues to the court and others to the jury at the same time; so that this action of the court was without authority, and, therefore, does not present for consideration any of those questions at this time.

The court, at the request of the petitioner, directed the jury to view the proposed right of way. To aid the jury, guides were appointed. This was error. Proceedings in eminent domain are special, and the requirements of the statute on the subject must be strictly complied with. The law—1 Mills Ann. Stat. § 1724—provides that the jury may go upon the premises sought to be taken or damaged, in charge of a sworn bailiff. No other person is allowed to accompany the jury. The code provision—Mills Ann. Code § 188a—relates only to a view of mining premises by a jury.

Appellants sought to have the jury specifically answer certain interrogatories which contemplated special findings on these questions—the quantity of coal in the right of way; whether the tunnel would penetrate the coal on the land in question; and how much coal would be taken out and removed in constructing the tunnel, which were refused. Whether a jury shall be required to return a special finding rests in the discretion of the trial court. Unless that discretion has been abused to the prejudice of the party requesting such finding, the action of the trial court in this respect will not be disturbed. There is nothin the record from which to infer that the refusal of the court to submit these questions to the jury prejudiced appellants.

Error is also assigned by counsel for appellants

upon instructions given and refused touching the question of damages which they would sustain by reason of a tunnel through the right of way which, it is claimed, petitioner contemplated constructing. This tunnel, it is said, would penetrate or intersect a coal vein on the land of appellants, within the right of way sought to be condemed. It is contended that by virtue of the provision of subdivision 4, 1 Mills Ann. Stat. § 1720, which states in effect, that a right of way shall not give the party condemning it any right, title or interest to any vein, ledge, lode or deposit in the premises so taken, that therefore, petitioners were precluded from running the tunnel in question. This is a matter which, if proper to consider in condemation proceedings, must be settled *in limine*. It is not before us now, because it was not properly raised below. Until we are required to settle that question, the one relating to damages resulting from the tunnel penetrating or intersecting a vein of coal in the premises sought to be condemned, is not properly before us for consideration.

Numerous other errors are assigned and argued by counsel for appellants which we do not deem it necessary to pass upon, as they do not embrace questions which will necessarily arise on a re-trial. The judgment of the county court is reversed, and the cause remanded for further proceedings.

*Reversed and Remanded.*