THE JUNCTION CREEK AND NORTH DURANGO DOMESTIC AND IRRIGATING DITCH COMPANY ET AL. v. THE CITY OF DURANGO.

1. DITCHES—STATUTORY CONSTRUCTION—EMINENT DOMAIN.

Ditches subject to enlargement and joint use under the provisions of the statute (Gen. Stats., sec. 1716) are strictly private ditches.

2. SAME.

A ditch which is used for the carriage of water for hire to the people generally is *quasi* public, and a city cannot, by condemnation proceedings, acquire a right to enlarge and use it in conjunction with the ditch company.

*Error to the District Court of La Plata County.*

THIS is a proceeding instituted by the city of Durango to enforce the right to enlarge and jointly use a ditch belonging to The Junction Creek and North Durango Domestic and Irrigating Ditch Company.   The city predicates its right to the relief sought upon an act of the general assembly, approved February 12, 1881 (Session Laws, p. 164; Gen. Stats. 1883, sec. 1716), which provides:

" (1) That no tract or parcel of improved or occupied land in this state, shall, without the written consent of the owner thereof, be subjected to the burden of two or more irrigating ditches constructed for the purpose of conveying water through said property, to lands adjoining or beyond the same, when the same object can feasibly and practicably be attained by uniting and conveying all the water necessary to be conveyed through such property in one ditch.

" (2) Whenever any person or persons find it necessary to convey water for the purpose of irrigation through the improved or occupied lands of another, he or they shall select for the line of such ditch through such property the shortest and most direct route practicable, upon which said ditch can be constructed with uniform or nearly uniform grade, and discharge the water at a point where it can be conveyed to

and used upon the land or lands of the person or persons constructing such ditch.

" (3) No person or persons having constructed a private ditch for the purposes and in the manner hereinbefore provided, shall prohibit or prevent any other person or persons from enlarging or using any ditch by him or them constructed in common with him or them, upon payment to him or them of a reasonable proportion of the cost of construction of said ditch."

It appears from the record that The Junction Creek and North Durango Domestic and Irrigating Ditch Company is a corporation organized under the laws of this state for the purpose of building and maintaining the ditch in question, and to carry and conduct the water from Junction creek through the same to persons in North Durango, and to other persons along the line of said ditch, for domestic and irrigation purposes. The object sought to be accomplished by the city in enlarging the ditch is to supply water from the same source, to the same persons, for the same purpose.

The court below held that the case was one that fell within the foregoing statutory provisions, and that the city, by virtue thereof, had the right to enlarge and use the ditch jointly with the company, for the purpose mentioned. Upon proceedings duly had, damages were assessed and final decree rendered.

Messrs. RUSSELL & McCLOSKEY, Mr. N. C. MILLER and Mr. F. W. INGERSOLL, for appellants.

Messrs. WILSON & McCLOSKEY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The record is somewhat voluminous, and numerous errors are assigned, but the foregoing statement is sufficient to present the most important, and, as we think, the decisive question in the case, and that is: Can the city, by virtue of the

statute above quoted, acquire the right to enlarge and use the ditch in question for the purpose of supplying its citizens with water for irrigation and domestic use ?   We think this must be answered in the negative.   The ditches subject to enlargement and joint use under the statute are strictly private ditches, and such as are used to convey water across the land of another to irrigate the adjoining land of the person or corporation owning the ditch.   This is clearly manifest by the language of the act, and also from its object and purpose.

Prior to its enactment, the right to condemn the right of way for separate ditches through the land of another for the purpose of irrigating the land below and adjoining, by persons owning the same, was practically unlimited; and to limit this right and protect the servient estate from the burden of unnecessary ditches, the act in question was passed. It in no way attempts to confer the right upon persons other than those already described in the prior statute, or to enable them to exercise the right under conditions other than those therein mentioned.   Sec. 1712, Gen. Stats.

Section 2 of the act mentioned recognizes that the ditches under contemplation were such only as convey water to be used upon the land of the person constructing the ditch. The ditch sought to be enlarged in this case does not come within this category, but is used for the carriage of water for hire, to the people generally, and is at least *quasi* public. The company, in its capacity as carrier, is a *quasi* public servant or agent, and is " charged with what the decisions term a public duty or trust."   *Wheeler v. Northern Colorado I. Co.*, 10 Colo. 582.

It is clothed with a franchise to convey water from Junction creek to persons in North Durango; and, if the proposed action of the city can be upheld, such franchise would not only be invaded, but virtually destroyed.   Whether the city, by virtue of its chartered powers, can condemn the entire ditch and franchise of the company, we are not called upon to decide.   We think it clear that it cannot, by condemna-

tion proceedings, acquire the right to enlarge and use it in conjunction with the company.    The judgment will therefore be reversed and the cause remanded, with directions to the court below to dismiss the proceeding.

*Reversed.*