### BROADMOOR LAND CO. v. CURR et al.

(Circuit Court of Appeals, Eighth Circuit. September 15, 1904.)

No. 2,112.

1. EMINENT DOMAIN—REMOVAL OF CONDEMNATION PROCEEDINGS INTO FEDERAL COURT—CONFORMING SUPERSEDEAS TO STATE STATUTE.

Where a proceeding to condemn real estate, or an easement therein, under the power of eminent domain, is removed from a state court into a Circuit Court of the United States, and after compensation has been ascertained a writ of error is prosecuted from the judgment, any supersedeas obtained should be modified so that the petitioner shall have the same rights as though the proceedings had remained in the state court; and, where the state statute provides that the proposed work shall not be delayed by appellate proceedings in case the amount of compensation awarded is paid into court, the supersedeas in the federal court will be modified to conform to such provision.

2. SAME—PROCEEDINGS TO CONDEMN EASEMENT IN IRRIGATION DITCH—COLORADO STATUTE.

The Colorado statutes relating to condemnation proceedings under the power of eminent domain, including Mills' Ann. St. § 1728, which gives the petitioner the right to proceed with the work on paying the compensation awarded into court, notwithstanding proceedings for review, is applicable to proceedings to condemn an easement through an existing ditch for irrigation purposes, brought under the statute of 1881 (Sess. Laws 1881, p. 164).

In Error to the Circuit Court of the United States for the District of Colorado.

On motion to modify supersedeas.

This proceeding was instituted in the district court of El Paso county, Colo., by John Y. Curr, the defendant in error, against the Broadmoor Land Company, the plaintiff in error, to condemn the right to enlarge and use a portion of the Myers Ditch, so called, which is owned by plaintiff in error, and also the right of way for a new ditch over and across lands of plaintiff in error to convey water for irrigation purposes to lands of defendant in error. On petition of the plaintiff in error, the proceeding was removed to the United States Circuit Court for the District of Colorado. Upon trial, the jury returned a verdict assessing the damages of the plaintiff in error at $2,500, and thereupon the court entered a decree granting to the defendant in error the rights, right of way, and easement petitioned for, upon payment into court of the sum so assessed and costs; and it was, in effect, conceded at the argument that these sums were paid to the clerk of the court within the time limited in said decree. A writ of error was taken to this court from said decree, and a supersedeas obtained upon the filing and approval of a bond in the sum of $3,000. The defendant in error now moves the court for an order modifying the said supersedeas so that he may, pending the determination of said writ of error, and at once, have the right to enter into the possession

of said land, and use and enjoy the same, and the rights and easements granted by said decree.

K. C. Schuyler, for the motion.

Charles W. Waterman, opposed.

Before SANBORN and HOOK, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court. •

Ordinarily, where real estate or an easement therein is proposed to be taken under the exercise of the power of eminent domain for a purpose for which the law permits it to be so taken, the only matter to be contested is the amount of compensation to be paid. And when that amount, after full hearing, has been fixed by a jury, it seems just, and it is usually provided by statute, that the proposed enterprise shall not be delayed by proceedings on writs of error, in case the petitioner pays into court the amount awarded by the verdict and costs. The amount fixed by the jury is presumably just, and the party invoking the power, and who goes on with the enterprise, will have to pay any additional sum that may ultimately be awarded to the landowner. The Colorado statute gives this right, and, had the proceeding remained in the state court, no supersedeas would have been effectual to delay the prosecution of the enterprise. 1 Mills' Ann. St. § 1728. Where such a proceeding is removed from a state court to a Circuit Court of the United States, and after compensation has been ascertained, if a writ of error is prosecuted, any supersedeas obtained should be modified so that the petitioner in the proceeding to condemn shall have the same rights which he would have had if the proceedings had remained in the state court. East Tennessee, etc., Ry. Co. v. Southern Telegraph Co., 112 U. S. 306, 5 Sup. Ct. 168, 28 L. Ed. 746. A different case might be presented if upon the motion to modify the supersedeas it was made to appear that the property or easement proposed to be taken was already devoted to an inconsistent public use, or was of a character which the law would not permit to be so taken.

The Colorado statute of 1881 (Sess. Laws 1881, p. 164) is intended to prevent improved lands from being needlessly cut up by many ditches to lead water to lands of other owners. It provides that, where there is one such ditch, any other person seeking to lead water across the same land must do so by occupying the same ditch, if practicable. The case of Downing v. More, 12 Colo. 316, 20 Pac. 766, holds that this statute does not apply to a private ditch wholly on the land of a proprietor, and used only to irrigate that land. The Myers Ditch is not of that character. It is not used to irrigate the land through which it passes, but to convey water beyond that land to the lands of the Broadmoor Company and of its grantees beyond the land through which that ditch passes. It is true that the Broadmoor Company, instead of acquiring an easement to construct and maintain the Myers Ditch, purchased in fee simple the situs of that ditch, a strip of land 25 feet in width; but its use is just the same—not to irrigate the tract through which it passes, but to convey water to lands beyond that tract. The other case cited (Junction Creek & N. D. D. & I. Ditch Co. v. Du-

rango, 21 Colo. 194, 40 Pac. 356) is not in point, and merely holds that the irrigation statutes do not apply to ditches carrying water to towns for urban purposes.

The Colorado statutes relating to the exercise of the power of eminent domain apply to cases arising under the statute of 1881 above referred to. That statute grants and limits the right to enter upon and use the property of another for the very purpose for which the power of eminent domain may be exercised, and such exercise under the general provisions of the statutes relating to that subject affords the appropriate and only way for securing the rights granted by the statute of 1881.

The motion is granted, and the supersedeas is, pending the final determination of the writ of error, so modified that it shall not prevent the defendant in error from entering upon the land, right of way, and easement as granted to him by said decree of the Circuit Court.